IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN A. SANTORO,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC AND
KITSAP POPERTY PRESERVATION, LLC,

    Defendants.

Case No. 6:14-cv-0522-TC
ORDER

AIKEN, Chief Judge:

On December 15, 2014, Plaintiff filed a complaint alleging eight state law claims arising from the events leading up to and including the foreclosure of his home.

On June 15, 2015, Magistrate Judge Coffin issued Findings and Recommendation that recommended Plaintiff's trespass, intrusion upon seclusion, and wrongful foreclosure claims be dismissed for failure to state a claim upon which relief may be granted. Plaintiff objects. Plaintiff argues first that the trespass and intrusion upon seclusion claims should remain

1 - OPINION AND ORDER

because Judge Coffin relied upon an assumption that Defendant only entered the property after judgment for foreclosure was entered. Second, Plaintiff argues that his wrongful foreclosure claim survives because neither the *Rooker-Feldman* doctrine nor res judicata applies. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error, save for a factual finding.

The parties stipulate that Judge Coffin made a mistake in his finding that the entry onto the property occurred after a judgment for foreclosure was entered. Rather, entry onto the property occurred on March 10, 2014, and the judgment for foreclosure was not entered until October 9, 2014.

However, regardless of whether Magistrate Judge Coffin made an incorrect finding that entry into the property occurred after the judgment of foreclosure, Plaintiff consented to entry if "[Plaintiff] fail[ed] to perform the covenants and agreements contained in [Deed of Trust]." Req. Judicial Notice Ex. B at 7. Plaintiff defaulted, and thus failed to perform the covenants and agreements within the Deed of Trust. Plaintiff does not

2 - OPINION AND ORDER

challenge this basis of Judge Coffin's ruling, and the erroneous finding was immaterial when analyzing the sufficiency of plaintiffs' claims.

Further, Judge Coffin correctly dismissed Plaintiff's wrongful foreclosure claim. The *Rooker-Feldman* doctrine is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). By seeking a claim of wrongful foreclosure, Plaintiff complains of injuries caused by the foreclosure action, and requests a federal court ruling essentially determining that the state court's judgment was wrong and foreclosure was improper. See Am. Compl. 14-15.

Accordingly, Magistrate Judge Coffin's Findings and Recommendation dated June 15, 2015 (doc. 46) is ADOPTED in part and MODIFIED to reflect the stipulated factual discrepancy. Plaintiff's trespass, intrusion upon seclusion, and wrongful foreclosure claims are DISMISSED.

IT IS SO ORDERED.

Dated this __14__ day of August, 2015.

_____
Ann Aiken
United States District Judge