IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEPHEN A. SANTORO,

       Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC, et al.,

       Defendants.

Case No. 6:14-cv-00522-MK
**OPINION AND ORDER**

---

STEPHEN A. SANTORO,

       Plaintiff,

vs.

ALTISOURCE SOLUTIONS, LLC, a
Delaware corporation, et al.,

       Defendants.

Case No. 6:15-cv-00399-MK
**OPINION AND ORDER**

---

AIKEN, District Judge:

United States Magistrate Judge Mustafa T. Kasubhai filed his Findings and

Recommendation ("F&R") on April 24, 2019 (doc. 176 in 6:14-cv-00522-MK, doc. 173

in 6:15-cv-00399-MK). The F&R recommended that this Court deny plaintiff's Motion to Leave to Amend Order Dismissing Altisource Portfolio Solutions, S.A. in Case No. 6:15-cv-00399. Plaintiff filed objections (doc. 180 in 6:14-cv-00522-AA, doc. 177 in 6:15-cv-00399) to which defendant responded (doc. 181 in 6:14-cv-00522-AA, doc. 178 in 6:15-cv-00399). The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When a party objects to any portion of a Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the F&R. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

First, plaintiff objects to Judge Kasubhai's role in this matter. He contends that Judge Kasubhai's rulings in the F&R and a 2015 article that Judge Kasubhai wrote for the Oregon State Bar Litigation Section show that Judge Kasubhai has "little respect for pro-se litigants, which raises serious doubts to his impartiality." Objections at 1.

I have reviewed plaintiff's concerns about Judge Kasubhai's impartiality, the record, and the article at issue and conclude that this objection does not provide a basis to modify or reject the F&R. Generally, a judge's actions in a case cannot raise questions about their impartiality. *Clemens v. U.S. Dist. Court for the Central Dist. of Nevada*, 428 F.3d 1175, 1178 (9th Cir. 2005). Moreover, an "objective, disinterested observer fully informed of the underlying facts," *United States v. Lovaglia*, 954 F.2d 811, 815 (2nd Cir. 1992), would not perceive any risk, much less a "significant risk"

that Judge Kasubhai would resolve this action on any basis other than the merits. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *see also Clemens*, 428 F.3d at 1178 ("The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person.").

If plaintiff intends his objections to also serve as a motion to disqualify or recuse Judge Kasubhai from the matter, that motion is not properly before the Court. *See* LR 7-1(b) ("Motions may not be combined with any response, reply, or other pleading"). Even if it were, the Court would deny the motion for the reasons stated above.

Second, plaintiff makes specific objections to several of Judge Kasubhai's findings and conclusions. I have carefully considered these objections and conclude that they do not provide a basis to modify the F&R. I have also reviewed the pertinent portions of the record *de novo* and find no errors in the F&R.

## CONCLUSION

The Court ADOPTS Magistrate Judge Kasubhai's F&R (doc. 176 in 6:14-cv-00522-MK, doc. 173 in 6:15-cv-00399-MK). Plaintiff's Motion for Leave to Amend (doc. 162 in 6:15-cv-00522-MK, doc. 159 in 6:15-cv-00399-MK) is DENIED with prejudice.

IT IS SO ORDERED.

Dated this 19th day of September 2019.

_____
Ann Aiken
United States District Judge