IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEPHEN A. SANTORO | 6:14-cv-00522-MK (Lead Case) |
| | 6:15-cv-00399-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| OCWEN LOAN SERVICING, LLC, et al., | |
| Defendants. | |

AIKEN, District Judge:

Defendant Altisource seeks reconsideration of the Court's March 31, 2019 decision to deny its partial motion for summary judgment on plaintiff's Unfair Trade Practices Act ("UTPA") claim. Defendant Kitsap joins Altisource's motion.

## STANDARDS

### I. Reconsideration of Interlocutory Orders

"Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, '[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'" *Am. Med.*

*Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1091 (D. Or. 2014) (quoting *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005)); *see also* Fed. R. Civ. P. 54(b) (providing that any order or other decision that adjudicates fewer than all the parties' claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liability").

Having reviewed the March 13, 2019 Order (doc. 175 in 6:14-cv-00522-MK; doc. 172 in 6:15-cv-00399-MK) and Altisource's Motion (doc. 178 in 6:14-cv-00522-MK; doc. 175 in 6:15-cv-00399-MK), the Court agrees that neither this Court nor the Magistrate Judge has ruled on whether plaintiff's UTPA claim against Altisource should be dismissed because plaintiff was not a consumer of Altisource's services. The Court thus finds sufficient cause to reconsider its denial of Altisource's motion for summary judgment on plaintiff's UTPA claim.

## II. Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the lack of a genuine issue of material fact. *Id.; Celotex Corp. v. Catrett*, U.S. 317, 323 (1986). If the moving party shows the lack of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

The Court's March 2019 order adopted Magistrate Judge Coffin's Findings and Recommendation (doc. 163 in 6:14-cv-00522-MK; doc. 160 in 6:15-cv-00399-MK), which found that when plaintiff's property was in foreclosure, defendant Ocwen retained Altisource to provide property inspection and preservation services for properties in Ocwen's inventory that were going through foreclosure. Because a report from one of Altisource's vendors suggested that plaintiff's property was vacant and abandoned, Ocwen ordered Altisource to proceed with preservation of the property. Altisource ordered preservation services from defendant Kitsap, which in turn hired an individual, Faris, to perform the services, which included winterizing the property and changing locks. Plaintiff returned to the property the day Faris completed the preservation services and found that certain property had been stolen, including items that he and his children owned.

Plaintiff asserts that the preservation services performed on his property violated Oregon's UTPA. Altisource argues that the UTPA is a consumer protection statute meant to protect consumers in consumer transactions. Altisource contends that plaintiff was not a consumer of Altisource's services because plaintiff did not contract for the preservation services and Altisource did not perform the services at plaintiff's direction for his benefit; instead, Altisource performed the services according to its contract with Ocwen, at the direction of Ocwen, and for Ocwen's benefit.

The UTPA provides a private cause of action for "a person" who has been harmed by an unlawful trade practice. ORS 646.638(1).[1] Although the text of the UTPA limit its scope to protect only consumers, Oregon courts have found that the Act's protections are limited to consumer transactions. *Investigators, Inc. v. Harvey*, 53 Or. App. 586, 590 (1981) ("The [UTPA] applies only to consumer transactions; it does not regulate commercial transactions."); *Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 90 n. 4 (1977) ("In section 3, ... the language 'unfair methods of competition' had been deleted, since the bill seeks to protect consumers rather than businesses."); *Graham v. Kold Kist Beverage Ice, Inc.*, 43 Or. App. 1037, 1040 (1979) ("primary purpose of the [UTPA] was to protect consumers, rather than businesses").

Courts in this District, including this Court, have concurred that the UTPA is limited to consumer actions. *See, e.g., Pulse Health, LLC v. Akers Biosciences, Inc.*, No. 3:16-cv-01919-HZ, 2017 WL 1371272, at *8 (D. Or. Apr. 14, 2017) (rejecting plaintiff's argument based on a single Oregon circuit court opinion from 2002 "[g]iven the extensive body of more recent caselaw from Oregon appellate courts and this District . . . that confirms that the UTPA covers only consumer transactions"); *Benson Tower Condo. Owners Ass'n v. Vitaulic Co.*, 22 F. Supp. 3d 1126, 1136 (D. Or. 2014)

---

[1] ORS 646.638(1) provides, in relevant part:

> [A] person that suffers an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful under ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or statutory damages of $200, whichever is greater.

(collecting cases showing at least six judges in this District in agreement); *Slep-Tone Entertainment Corp. v. Shenanigans Lounge*, No. 6:12-cv-1236-TC, 2013 WL 1767727, at *1 (D. Or. Apr. 20, 2013) (adopting F&R and noting that "[d]espite plaintiff's objections, this court finds no reason to depart from the previous decisions by the judges of this court finding that the UTPA is limited to consumer actions").

Oregon courts use a two-part test to determine whether the transaction at issue is a "consumer transaction." *Accident Care Specialists of Portland, Inc. v. Allstate Fire & Cas. Ins. Co.*, Nos. 3:11-cv-01033-MO, 3:13-cv-00408-MO, 2014 WL 2747632, at *5 (D. Or. June 16, 2014). First, courts consider whether "the transaction at issue is a transaction for goods or services 'customarily purchased by a substantial number of people for personal, family, or household use.'" *Id.* (quoting *Fowler v. Cooley*, 239 Or. App. 338, 344 (2010)). Second, courts consider whether "the transaction was actually entered into by the plaintiff 'for personal, family, or household use, rather than for commercial use or resale.'" *Id.* (quoting *Fowler*, 239 Or. App. at 344).

In this case, plaintiff has not satisfied the second part of the "consumer transaction" test. Plaintiff does not assert that he "actually entered into" a transaction with Altisource. Nor could he; the preservation services, though performed on plaintiff's residential home, were performed under contracts between Ocwen and Altisource and between Altisource and Kitsap. And each transaction was entered into by Ocwen and Altisource, respectively, for business purposes. These are not "consumer" transactions within the scope of the UTPA.

Plaintiff argues that "there is no requirement under Oregon law that the defendant have a consumer transaction with the plaintiff" in a UTPA action. P's Response (doc. 134 in 6:14-cv-00522-MK; doc. 130 in 6:15-cv-00399-MK) at 10. But the case plaintiff cites, *Gordon v. Rosenblum*, 361 Or. 352 (2017), is not persuasive because the parties did not raise and the court's decision does not address the issue of plaintiff's standing to sue under the UTPA. As other courts in this District have observed, *Gordon* was a "public enforcement case[] where no party quested the State's ability to bring suit under the UTPA." *Pulse Health LLC*, 2017 WL 1371272, at *9.

## CONCLUSION

For the reasons set forth above, Altisource's Motion for Reconsideration (doc. 178 in 6:14-cv-00522-MK; doc. 175 in 6:15-cv-00399-MK) is GRANTED. Upon reconsideration, the Court GRANTS Altisource's partial motion for summary judgment on plaintiff's UTPA claim and that claim is dismissed.

IT IS SO ORDERED.

Dated this 7th day of January 2020.

_____
Ann Aiken
United States District Judge