IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEPHEN A. SANTORO

Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,
et al.,

Defendants.

6:14-cv-00522-MK (Lead Case)
6:15-cv-00399-MK
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Stephen Santoro seeks reconsideration of this Court's March 31, 2019 Opinion and Order (doc. 175 in 6:14-cv-00522-MK; doc. 172 in 6:15-cv-00399-MK), which denied his motion to certify a question to the Oregon Supreme Court.

"Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, '[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'" *Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1091 (D. Or. 2014) (quoting *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005)); *see also* Fed. R. Civ. P.

54(b) (providing that any order or other decision that adjudicates fewer than all of a parties' claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liability").

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*[1] Having reviewed the March 31, 2019 Order, plaintiff's motion, and the related briefing, the Court finds that plaintiff's motion does not present grounds for the extraordinary remedy of reconsideration.

Thus, plaintiff's Motion for Reconsideration (doc. 187 in 6:14-cv-00522-MK; doc. 184 in 6:15-cv-00399-MK) is DENIED.

IT IS SO ORDERED.

Dated this 8 day of January 2020.

Ann Aiken
United States District Judge

---

[1] Although *Kona Enterprises* concerned a Rule 59(e) motion for reconsideration of an order of final judgment, the same standard governs reconsideration of interlocutory orders under Rule 54(b). *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571, F.3d 873, 880 (9th Cir. 2009); *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (stating that courts generally apply the same standards to motions under Rule 54(b) as those used in motions under Rule 59(e) and listing opinions).