IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEPHEN A. SANTORO                                6:14-cv-00522-AA (Lead Case)
                                                                  6:15-cv-00399-AA
      Plaintiff,                              **OPINION AND ORDER**

vs.

OCWEN LOAN SERVICING, LLC,
et al.,

      Defendants.

AIKEN, District Judge:

    In this consolidated diversity action, plaintiff Steven A. Santoro asserted eight state law claims arising from the evidence leading up to and during the foreclosure of his home. In March 2019, I dismissed plaintiff's Conversion and Negligent Hiring, Training, and Supervision claims against defendant Altisource Solutions, Inc. ("Altisource"). Doc. 175 in No. 6:14-cv-00522-AA; Doc. 172 in 6:15-cv-00399-AA. Plaintiff now moves for reconsideration of the dismissal of those claims.

    "Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, '[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'" *Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1091 (D. Or. 2014)

Page 1 – OPINION AND ORDER

(quoting *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005)); *see also* Fed. R. Civ. P. 54(b) (providing that any order or other decision that adjudicates fewer than all of a parties' claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liability").

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*.[1]

Here, plaintiff seeks reconsideration based on clear error. Having reviewed the March 31, 2019 Order, plaintiff's motion, and the related briefing, the Court finds that plaintiff's motion does not present grounds for the extraordinary remedy of reconsideration. Thus, plaintiff's Motion for Reconsideration (doc. 209 in 6:14-cv-00522-AA; doc. 206 in 6:15-cv-00399-AA) is DENIED.

IT IS SO ORDERED and DATED this  5th  day of February 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge

---

[1] Although *Kona Enterprises* concerned a Rule 59(e) motion for reconsideration of an order of final judgment, the same standard governs reconsideration of interlocutory orders under Rule 54(b). *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571, F.3d 873, 880 (9th Cir. 2009); *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (stating that courts generally apply the same standards to motions under Rule 54(b) as those used in motions under Rule 59(e) and listing opinions).