IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEPHEN A. SANTORO, | Civ. No. 6:14-cv-00522-AA (Lead Case)<br>Civ. No. 6:15-cv-00399-AA (Trailing) |
| Plaintiff,<br>v. | **OPINION & ORDER** |
| OCWEN LOAN SERVICING, LLC, et al., | |
| Defendants. | |

AIKEN, District Judge.

This consolidated case comes before the Court on a Motion for Summary Judgment filed by Defendant Altisource Solutions, Inc. ("Altisource"), ECF No. 222.[1] Also before the Court is an Amended Motion for Joinder to Altisource's Motion for Summary Judgment filed by Defendant Kitsap Property Preservation, LLC ("Kitsap"), ECF No. 229, and a Motion to Strike filed by Plaintiff Stephen A. Santoro, ECF No. 232. For the reasons set forth below, Defendant Altisource's Motion for Summary Judgment is GRANTED; Defendant Kitsap's Amended Motion for Joinder is DENIED; and Plaintiff's Motion to Strike is DENIED.

---

[1] This is a consolidated action. All citations to the record are as they appear in the docket for the lead case, *Santoro v. Ocwen Loan Servicing, LLC, et al.*, Civ. No. 6:14-cv-00522-AA, unless otherwise noted.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## BACKGROUND

The factual background of this case has been set forth in detail in Magistrate Judge Coffin's Findings and Recommendation ("F&R"), ECF No. 163, which this Court subsequently adopted as its own, ECF No. 175. The facts will not be reproduced here, except as necessary.

Briefly, when Plaintiff's property was in foreclosure, former Defendant Ocwen Loan Servicing, LCC ("Ocwen") retained Altisource to provide property inspection and preservation services for properties in Ocwen's inventory that were going through foreclosure. Because a report from one of Altisource's vendors suggested that Plaintiff's property was vacant and abandoned, Ocwen ordered Altisource to proceed with preservation of the property. Altisource ordered preservation services from Kitsap, which in turn hired an individual named Carl Faris to perform the services, which included winterizing the property and changing the locks. Plaintiff returned to the property on the day Faris completed the preservation services and found that certain property had been stolen, including items owned by Plaintiff and his children.

In the Consolidated Amended Complaint ("CAC"), ECF No. 76, Plaintiff brought claims for (1) conversion as to all Defendants; (2) violation of the Oregon Unlawful Trade Practices Act ("UTPA") as to all Defendants; (3) negligence as to all Defendants; (4) negligent hiring, training, and/or supervision as to all Defendants; and (5) intentional infliction of emotional distress ("IIED") as to Ocwen and Altisource. These claims relied on a theory of vicarious liability. Altisource moved

for summary judgment as to all claims except Plaintiff's claim for negligence. ECF No. 112.

The Court granted a motion for summary judgment dismissing Plaintiff's claims against Ocwen. F&R, at 4-10. The Court likewise granted summary judgment in favor of Altisource on Plaintiff's claims, leaving only Plaintiff's claim for negligence and UTPA. *Id*. at 11-14. In granting, Altisource's motion for summary judgment, the Court noted that there was no employment or agency relationship between Altisource and Kitsap or Altisource and Faris and that there was a lack of actual and apparent control as to Altisource and Kitsap or Faris, "especially as to Faris' alleged taking of personal property." *Id*. at 11-12. The Court found that Altisource was not vicariously liable for the acts of Kitstap or Faris. *Id*. In addition, the Court concluded that there was no evidence that the alleged taking of Plaintiff's property by Faris was foreseeable. *Id*. at 12-13.

In a subsequent Opinion & Order ("O&O"), issued January 7, 2020, the Court granted Altisource's motion for summary judgment as to Plaintiff's claims under the UTPA and that claim was also dismissed. ECF No. 196.

## DISCUSSION

### I.   Altisource's Motion for Summary Judgment

Altisource now moves to dismiss the only claim remaining against them, which is Plaintiff's claim for negligence. Altisource contends that the Court's prior determination that it is not vicariously liable for the acts of Kitsap or Faris in the

context of Plaintiff's other claims applies with equal force to Plaintiff's negligence claim.

To prevail on a common-law negligence claim under Oregon law, a plaintiff must prove:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

*Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 506 (2010) (internal quotation marks and citation omitted).

Thus, a defendant is liable only for the foreseeable consequences of their negligence "unless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty." *Fazzolari by and through Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987).

Here, the CAC alleges that Defendants "owed a duty to Plaintiff and his minor children to act as a reasonable and prudent lender, servicer, investor, and/or security interest holder." CAC ¶ 25. In this case, it is undisputed that Altisource, which provided property preservation services to Ocwen, was none of those things. *See* F&R, at 2 (finding that Ocwen was the servicer of Plaintiff's loan and Altisource was retained to provide property preservation services). Plaintiff cannot prove a special relationship existing between himself and Altisource.

The CAC further alleges that Defendants had "either actual and/or constructive notice," that "they had no right to enter the home, lock out the Plaintiff from the home, and remove Plaintiff's possessions from the home without a court order." CAC ¶ 26. The CAC alleges that Defendants "breached their duty of care when their agents, contractors, and/or employees locked out the Plaintiff and his minor children, removed his and his family's possessions from the home without legal authorization, permission, or court order, and failed to properly return possession to Plaintiff." *Id.* at ¶ 27.

As noted, and as discussed in the F&R, Plaintiff's claims against Altisource rest on vicarious liability for the acts of Kitsap and/or Faris. "The *sine qua non* of a principal's vicarious *tort* liability is the principal's control of, or right to control, the agent's conduct. Significantly, vicarious liability for an agent's physical torts arises only if the principal has the right to control the agent's *specific injury-causing conduct* in particular." *Eads v. Borman*, 351 Or. 729, 738 (2012) (emphasis in original); *see also Vaughn v. First Transit, Inc.*, 346 Or. 128, 138 (2009) ("[F]or a principal to be vicariously liable for the negligence of its nonemployee agents, there ordinarily must be a connection between the principal's 'right to control' the agent's actions and the specific conduct giving rise to the tort claim."). "The principal's abstract right of control or right to control an agent in other respects is not enough," and "ordinarily, a principal is not liable for the negligence of a nonemployee, because a principal generally does not have the requisite right of control over those nonemployee agents." *Eads*, 351 Or. at 738. "[A] principal that 'authorizes' a nonemployee agent to act on

the principal's behalf is not, for that reason alone, liable when the agent injures a third party because the agent was negligent in carrying out its authorized activities." *Vaughn*, 346 Or. at 139. "Consequently, although a principal can be vicariously liable for the negligence of an agent who is not an employee, such liability arises only if the principal actually or apparently had a right of control over the agent's injury-causing actions similar to the control that an employer exercises over an employee." *Eads*, 351 Or. at 739 (internal quotation marks and citation omitted, alterations normalized).

In this case, the specific injury-causing acts underlying Plaintiff's claims for negligence were done by Faris, who was hired by Kitsap, which had, in turn, been retained by Altisource. In ruling on the prior motion for summary judgment, the Court found that Altisource had provided uncontradicted evidence that it did not hire Faris, did not send him work orders, and did not instruct him to remove anything from the property and was not in an employer-employee relationship with Kitsap or Faris. F&R, at 11. The Court also found that Altisource lacked "both actual and apparent" authority or control over Kitsap or Faris, "especially as to Faris' alleged taking of the personal property." *Id.* at 12. As consequence, the Court concluded that Altisource was not vicariously liable for the acts of Kitsap or Faris. *Id.* at 11-12. Furthermore, the Court concluded, in the context of Plaintiff's claim for negligent hiring, training, and supervision, that the there was no evidence that Faris' alleged taking of the property was reasonably foreseeable to Altisource. *Id.* at 12-13.

These conclusions apply with equal force to Plaintiff's claim for negligence and compel dismissal of that claim. Altisource's motion for summary judgment as to Plaintiff's claim for negligence is therefore granted.

## II.     Kitsap's Motion for Joinder

Kitsap seeks to join in Altisource's motion for summary judgment, ECF Nos. 223, 229, and argues that the arguments and citations provided by Altisource apply with equal force to Plaintiff's claims for negligence against Kitsap. In essence, Kitsap contends that Faris was not an employee of Kitsap and that Kitsap did not exercise the requisite degree of control over Faris to subject to vicarious liability. Without reaching the merits of this argument, the motion must be denied because Altisource's motion is based on conclusions previously reached by the Court with respect to the relationship between Altisource and Kitsap and Altisource and Faris. Kitsap did not move for summary judgment, as did Altisource and Ocwen, and so neither Judge Coffin nor this Court made any legal conclusions about the relationship between Kitsap and Faris. Kitsap's motion does not provide any declarations or exhibits or citations to the existing record to support its argument that it cannot be held liable for the acts of Faris.

In addition, the Court notes that Kitsap did not, by its own admission, properly confer with Plaintiff prior to filing its motion as required by Local Rule 7-1(a). This provides an independent basis for denying Kitsap's motion. LR 7-1(a)(3).

The Court therefore denies Kitsap's Amended Motion for Joinder to Altisource's Motion for Summary Judgment. ECF No. 229.

### III. Plaintiff's Motion to Strike

Plaintiff has filed a motion to strike the Joint Motion to Vacate Order, Dismiss Defendant, and Substitute Party ("Joint Motion"), ECF No. 62 in Case No. 6:15-cv-00399-AA, which was granted by the Court on December 19, 2016, ECF No. 65. in Case No. 6:15-cv-00399-AA. Plaintiff seeks to strike this document because, Plaintiff contends, Altisource "continues to contest personal jurisdiction by providing evasive and false claims." Altisource's motion for summary judgment does not concern personal jurisdiction, however, and Plaintiff does not even attempt to address the standards for a motion to strike. In addition, the Court has previously rejected Plaintiff's efforts to undo the Joint Motion with prejudice. ECF Nos. 176, 193. Plaintiff's motion is denied as frivolous and no further submissions on that matter will be considered.

Plaintiff also seeks to strike Kitsap's motions for joinder with Altisouce's motion for summary judgment, ECF Nos. 223, 229. Plaintiff does not address the standards of a motion to dismiss and, as the Court has already denied Kitsap's motion, Plaintiff's motion to strike is denied moot.

## CONCLUSION

Defendant Altisource's Motion for Summary Judgment (ECF No. 222 in Case No. 6:14-cv-00522-AA and ECF No. 219 in Case No. 6:15-cv-00399-AA) is GRANTED and Plaintiff's negligence claim is DISMISSED as to Altisource. Defendant Kitsap's Amended Motion for Joinder (ECF No. 229 in Case No. 6:14-cv-00522-AA and ECF No. 226 in Case No. 6:15-cv-00399-AA) is DENIED. Plaintiff's Motion to Strike (ECF No. 232 in Case No. 6:14-cv-00522-AA) is DENIED.

It is so ORDERED and DATED this ___21st___ day of March, 2022.

                                         /s/Ann Aiken  
                                         Ann Aiken  
                                         United States District Judge