IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEPHEN A. SANTORO, | Civ. No. 6:14-cv-00522-AA (Lead Case) |
| | Civ. No. 6:15-cv-00399-AA (Trailing) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| OCWEN LOAN SERVICING, LLC, et al., | |
| Defendants. | |

AIKEN, District Judge.

This consolidated case comes before the Court on a Motion for Entry of Judgment filed by Defendant Altisource Solutions, Inc. ("Altisource"), ECF No. 241.[1] Plaintiff has not filed a response to Altisource's motion and the time for doing so has passed.

---

[1] This is a consolidated action. All citations to the record are as they appear in the docket for the lead case, *Santoro v. Ocwen Loan Servicing, LLC, et al.*, Civ. No. 6:14-cv-00522-AA, unless otherwise noted.

> Federal Rule of Civil Procedure 54(b) provides:
>
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Before entering judgment pursuant to Rule 54(b), the court must have rendered a "final judgment," i.e., "an ultimate dispositions of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks and citation omitted). The court then "determine[s] whether there is any just reason" to delay appeal. *Id.* In making this determination, the court considers the interests of sound judicial administration and the equities involved in the case. *Curtiss-Wright*, 446 U.S. at 8. The principle of sound judicial administration requires the court to consider "whether the claims under review [are] separable," legally and factually, and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Id.* The court considers "judicial concerns," like avoiding "piecemeal appeals" in a case that "should be reviewed only as [a] single unit[ ]," and "equitable factors such

as prejudice and delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (internal quotation marks and citation omitted). Court should consider whether the claims are "sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Id.* (internal quotation marks and citation omitted). Courts embrace a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880 (internal quotation marks and citation omitted). Claims may have "overlapping facts" and still be "separate for purposes of Rule 54(b)." *Id.* at 881. However, "sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright*, 446 U.S. at 10.

In undertaking the equitable analysis, district courts are "encourage[d]" but not required to "make factual findings and to explain their reasons for certifying." *Jewel*, 810 F.3d at 628. Courts "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). For example, courts may consider whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood*, 422 F.3d at 878 n.2.

This analysis is undertaken with the understanding that certification under Rule 54(b) is generally disfavored and "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the

appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen, Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Entry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879; *see also Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("Rule 54(b) should be used sparingly."). The Ninth Circuit has also cautioned that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood*, 422 F.3d at 882.

In this case, the Court has dismissed each of Plaintiff's claims against Defendant Altisource, most recently by granting summary judgment in favor of Altisource. ECF No. 240. The only remaining Defendant is Kitsap Property Preservation, LLC. The Court previously granted a limited judgment of dismissal under Rule 54(b) for Defendant Ocwen Loan Servicing, LLC but the Court notes that, unlike Altisource and Kitsap, who are property preservation providers, Ocwen is a loan servicing company. Ocwen is qualitatively distinct from the other Defendants, while Altisource and Kitsap, and the claims against them, are similar. This factual similarity weighs against granting a second limited judgment to dismiss Altisource.

Additionally, an appeal is presently ongoing with respect to the dismissal of Ocwen and, in their motion, Altisource indicates that Plaintiff may appeal a partial judgment against Altisource. This would give rise to the very situation of successive, piecemeal appeals that the Ninth Circuit has warned against. In terms of the equities, the Court notes that the claims against Altisource have been dismissed and

Altisource will not be obliged to defend against Plaintiff's claims unless and until an appeal is filed. Plaintiff, for his part, has indicated during conferral with Altisource that he is opposed to the entry of a limited judgment. The Court therefore DENIES Altisource's Motion for Entry of Judgment. ECF No. 241.

It is so ORDERED and DATED this ___30th___ day of June, 2022.

      /s/Ann Aiken
      Ann Aiken
      United States District Judge