IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHEN A. SANTORO,<br><br>   Plaintiff,<br> v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>   Defendant. | Case No.: 6:15-cv-00399-AN<br><br><br>OPINION AND ORDER |

   This case arises from plaintiff's claims for (1) trespass; (2) conversion; (3) violation of the Oregon Unlawful Trade Practices Act ("UTPA"); (4) negligence; (5) negligent hiring, training and/or supervision; (6) invasion of privacy, intrusion upon seclusion, and removal of confidential information and records; and (7) intentional infliction of emotional distress. Plaintiff now moves to vacate four opinions and orders issued by Judge Ann Aiken. For the reasons outlined below, plaintiff's motion is DENIED.

## LEGAL STANDARD

   Under Federal Rule of Civil Procedure 60(b)(5), a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment . . . is based on an earlier judgment that has been reversed or vacated[.]" Under Federal Rule of Civil Procedure 59(e), a party may file "a motion to alter or amend a judgment" within 28 days after the entry of the judgment. Finally, under Federal Rule of Civil Procedure 54(b), a court may revise any order or other decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

## BACKGROUND

   Plaintiff's claim arises from the foreclosure of plaintiff's home. Plaintiff initially brought claims 1-6 against four defendants: OCWEN Loan Servicing, LLC ("OCWEN"); Altisource Fulfillment Operations, Inc.; Kitsap Property Preservation LLC; and Altisource Solutions, Inc. ("Altisource"). Claim

7 was only brought against defendant OCWEN. At this stage of the case, the only remaining defendant is OCWEN. On November 30, 2022, plaintiff filed the present Motion to Vacate Opinions and Orders, asking this Court to vacate four orders. Two of those orders implicate defendants who are no longer parties in this case. Thus, the Court considers plaintiff's motion only as it relates to the following two orders:

Order 1: On August 14, 2015, Judge Ann Aiken adopted Magistrate Judge Thomas Coffin's Findings and Recommendation in part and modified it in part. As a result, defendant OCWEN's motion to dismiss was granted, dismissing the following three claims: (1) trespass, (2) intrusion upon seclusion, and (3) wrongful foreclosure.

Order 2: On March 31, 2019, Judge Aiken adopted Magistrate Judge Coffin's Findings and Recommendation. Defendant OCWEN's summary judgment motion was granted,[1] plaintiff's motions to certify a question to the Oregon Supreme Court were denied, and defendants' motions for joinder in motion to strike and for leave to file sur-reply were denied as moot. As a result, all remaining claims against OCWEN were dismissed and judgment was entered on May 5, 2020, dismissing defendant OCWEN from the case.

On May 19, 2020, plaintiff appealed from the May 5, 2020 judgment dismissing defendant OCWEN from the case. Plaintiff argued that Order 1 improperly dismissed plaintiff's claims of trespass and intrusion upon seclusion, and that Order 2 improperly dismissed plaintiff's claim for punitive damages and improperly denied plaintiff's motion to certify a question to the Oregon Supreme Court. On review, the Ninth Circuit (1) reversed the dismissal of plaintiff's trespass and intrusion upon seclusion claims for failure to state a claim in Order 1; (2) affirmed the grant of summary judgment to defendant OCWEN on plaintiff's conversion claim; and (3) reversed the grant of summary judgment to defendant OCWEN on plaintiff's UTPA claim. *Santoro v. OCWEN Loan Servicing, LLC*, No. 20-35484, 2022 WL 2764751 (9th Cir. July 15, 2022).

## DISCUSSION

---

[1] The order also granted, in part, defendant Altisource's partial summary judgment motion.

Plaintiff's motion to vacate is based on the Ninth Circuit ruling reversing in part, and affirming in part, Orders 1 and 2. Plaintiff argues that the orders should be vacated because they are "contrary to the legal precedent of the Appellate Decision reversing this Court's dismissal of Santoro's claims of *Trespass, Intrusion Upon Seclusion*, and *UTPA violation*." Pl.'s Mot. To Vacate Opinions & Orders ECF [258] at 2 (footnote omitted).[2]

Defendant OCWEN opposes plaintiff's motion to vacate, arguing that it is essentially a motion for reconsideration that should be denied. Defendant argues that the Ninth Circuit has issued a mandate regarding the applicable orders and this Court is bound to follow that mandate under the rule of mandate. Under that rule, a district court that has received a mandate from an appellate court "cannot vary or examine that mandate for any purpose other than executing it," but the district court may "decide anything not foreclosed by the mandate." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). Specifically, defendant argues that vacating the orders would vary the mandate by vacating the portions of the orders that were affirmed on appeal. Defendant argues that plaintiff waived his right to appeal this Court's rulings on his claims for wrongful foreclosure, negligence, negligent hiring, training or supervision, intentional infliction of emotional distress, and punitive damages because he did not raise those issues in his opening appellate brief. Thus, defendant argues that the Ninth Circuit's remand order does not disturb this Court's orders as to those claims and issues, and that vacating the orders would allow plaintiff to avoid his waiver, bypass appellate review, and broaden the remaining issues in this case.

The Court agrees with defendant. Plaintiff relies solely on the Ninth Circuit opinion as the basis for vacating the orders. However, the issues resolved by the Ninth Circuit on appeal are narrower in scope than the issues decided in Orders 1 and 2. Order 1 dismissed plaintiff's claims for trespass, intrusion upon seclusion, and wrongful foreclosure pursuant to defendant OCWEN's motion to dismiss. However, the Ninth Circuit reversed that decision only as it applied to plaintiffs claims for trespass and intrusion upon

---

[2] Plaintiff clarified in his reply that his motion is also made pursuant to Federal Rule of Civil Procedure 60, which authorizes motions for relief from final judgments, orders, or proceedings in certain instances. Fed. R. Civ. Pro. 60(b).

3

...
...

seclusion. Thus, the portion of the order dismissing plaintiff's wrongful foreclosure claim remains unaffected by the Ninth Circuit opinion.

Similarly, Order 2 dismissed the five remaining claims against defendant OCWEN: (1) conversion; (2) violation of the UTPA; (3) negligence; (4) negligent hiring, training and/or supervision; and (5) intentional infliction of emotional distress. However, the Ninth Circuit affirmed the dismissal of plaintiff's conversion claim and reversed only the dismissal of plaintiff's UTPA claim. Thus, vacating Order 2 would directly contradict the Ninth Circuit's ruling by vacating a dismissal that the Ninth Circuit affirmed.

In sum, the Ninth Circuit ruling reversed portions of Orders 1 and 2; however, vacating those orders would reinstate claims that were either unaffected by the Ninth Circuit's opinion or were properly dismissed. Although this Court has the power to reconsider the portions of Order 1 and Order 2 that are not foreclosed by the Ninth Circuit's mandate, plaintiff cites no authority as for why this Court should do so. Therefore, the Court declines to reconsider Orders 1 and 2.

However, the Court recognizes that the complicated procedural history of this case has muddied the waters regarding which parties remain and which claims are viable. Therefore, pursuant to Federal Rules of Civil Procedure 54(b) and 60(b)(5), the Court orders as follows:

1. The May 5, 2020 judgment dismissing defendant OCWEN Loan Servicing, LLC is VACATED.

2. In accordance with the Ninth Circuit's remand order, the August 14, 2015 order granting defendant OCWEN Loan Servicing, LLC's motion to dismiss is amended solely to deny OCWEN's motion to dismiss as it relates to the trespass claim and the intrusion upon seclusion claim. All other decisions in the August 14, 2015 order remain in effect.

3. In accordance with the Ninth Circuit's remand order, the March 31, 2019 order granting defendant OCWEN Loan Servicing, LLC's motion for summary judgment is amended solely to deny OCWEN's motion for summary judgment as it relates to the UTPA violation. All other decisions in the March 31, 2019 order remain in effect.

## CONCLUSION

Accordingly, plaintiff's Motion to Vacate Opinions and Orders, ECF [258], is DENIED.

The May 5, 2020 judgment, ECF [205], is VACATED and OCWEN Loan Servicing, LLC is reinstated as a defendant. The August 14, 2015 order, ECF [52], is AMENDED to deny defendant OCWEN Loan Servicing, LLC's motion to dismiss as it relates to the trespass claim and the intrusion upon seclusion claim. The March 31, 2019 opinion and order, ECF [175], is AMENDED to deny defendant OCWEN Loan Servicing, LLC's motion for summary judgment as it relates to the UTPA violation claim.

IT IS SO ORDERED.

DATED this 7th day of July, 2023.

Adrienne Nelson
United States District Judge